UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL WAYNE HILL,

    Plaintiff,

v.                                      Case No. 3:22cv3202-MCR-HTC

MICHAEL ANDREW BARNHART,
MEAGAN RENEE KERNS,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Michael Wayne Hill[1], proceeding *pro se* and *in forma pauperis*, files this suit against Michael Andrew Barnhart and Meagan Renee Kerns, employees of the Escambia County Sheriff's Office ("Sheriff's Office"). ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). Upon screening the complaint under 28 U.S.C. § 1915(e)(2), and for the

---

[1] This is at least the third action Hill has filed with this Court. Both prior actions, 320cv5814LC/HTC and 321cv1190LC/HTC, were completely nonsensical and frivolous and were recommended for dismissal *sua sponte*. The first action has been dismissed and the second is pending report and recommendation. This action fares no better.

reasons set forth herein, the undersigned respectfully recommends that the complaint be DISMISSED *sua sponte* for lack of subject matter jurisdiction and as frivolous.

## I.  THE COMPLAINT

Plaintiff's entire set of facts are as follows:

1. On 08/13/2020 around noon I was home alone.
2. It was a warm and clear day in the middle of August.
3. I opened the front door and the windows to the apartment.
4. A few minutes later I felt harassed and threatened from just outside the front door.
5. I called the Sheriff's Office and asked to speak to a detective from my cell phone (252) 661-6683 and I was assured that help was on the way.
6. Around 4 o'clock I realized the officer did not show up.
7. On 01/21/2021, I obtained a copy of the incident report and seen that the phone number was wrong.
8. On 01/22/2021, I obtained a list of all calls for service from ESCO Public Record Center ranging from 10/01/19 through 01/22/2021, printed at 11:29:08 by staustin.
9. On 01/10/2022 I requested a copy of the voice recording of the 911 call and was told upon pick-up that it was already purged from record.
10. After research and study, I have concluded a reasonable assumption from apparent nature of the report, that I was impersonated by the caller directly after my call for help.
11. I think the suspect, a predator on the scene, replace their cell phone number with (911) 573-7782 and enacted the incident and procured the investigation with the knowledgeable defendants.
12. I have exhausted these public agencies regarding the matter: Escambia County Sheriff's Office and CFA Institute Professional Conduct Program.

ECF Doc. 1 at 7.

Plaintiff attaches several documents to the complaint, including an internet article about the Kentucky State Police warning people of scam calls with a 911 area code, Plaintiff's communications with the Sheriff's Office, the Sheriff's Office

response to Plaintiff's "citizens complaint" finding there "is no policy violation by an ECSO deputy," Plaintiff's call history record with the Sheriff's Office, and Plaintiff's record request. *Id*. at 1-27. Although Plaintiff only names Barnhart and Kerns of the Sheriff's Office, he states that he also "intend[s] to add" the "caller" and the United States as defendants. *Id*. at 11.

As relief, Plaintiff "seeks redress for a kindred tort that seems to be a point of interception of an attempt to undermine [Plaintiff's] inalienable right. [T]his false pretense has contributed to the denial of [Plaintiff's] purchase of [Plaintiff's] handgun, [Plaintiff] seek[s] relief of this present circumstance in the monetary amount of $1,000,000. [Plaintiff] ask[s] for compensation here and within this proceeding while [he] is still uninsured and registered to vote and not tally to mass incarceration." *Id*. at 9.

## II.   LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, district courts have "'unquestionable' authority to control their own dockets. This authority includes "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations

omitted). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint where the plaintiff cannot cure the defects by amending his complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

While a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a pro se litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *See, e.g.*, *Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), *adopting report and recommendation*, 2015 WL 13776795 (June 22, 2015).

## III.  DISCUSSION

Even under the most liberal reading, Plaintiff's allegations are nonsensical, illogical, and delusional. Plaintiff has not set forth any facts sufficient to show this Court's jurisdiction or to meet the basic pleading requirements of Federal Rule of Civil Procedure 8. Thus, this action should be dismissed as frivolous.

### A.  Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 8(a)(1) provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). This is because federal courts are courts of limited jurisdiction that possess only the power authorized by statute or the Constitution. *Kokkoken v.*

*Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). Congress may "give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." *Kline v. Burke Constr. Co.*, 260 U.S. 226, 234 (1922). Absent a grant of subject-matter jurisdiction from Congress, a federal court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that absent jurisdiction a court is "powerless to consider the merits" of a case). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

Generally, federal district courts have subject-matter jurisdiction over only two (2) types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332. A "federal question" case arises under the United States Constitution or federal laws or treaties. *See* 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for the purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Under the "well-pleaded-complaint" rule, "[a] suit arises under the

Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, for federal question jurisdiction to exist, a plaintiff's complaint must "claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946).

Here, Plaintiff states the basis of this Court's jurisdiction is "Title 28 U.S.C. § 1331 - Federal Question, Title 42 U.S.C. § 1983 - Civil Action for Deprivation, [and] Title 18 U.S.C. § 2511 - Interception and Disclosure." ECF Doc. 1 at 4. Despite alleging a federal question exists, Plaintiff has alleged no facts sufficient "to show that the case is one arising under federal law." *Kirkland Masonry, Inc. v. C.I.R.*, 614 F.2d 532, 533 (5th Cir. 1980). "[A] mere allegation . . . that the cause arises under the Constitution or laws of the United States without specific facts is not enough under any standard to pass the jurisdictional hurdle." *Mitchell v. Parham*, 357 F.2d 723, 725 (10th Cir. 1966) (citations omitted).

Plaintiff has not set forth any facts showing that a state actor has violated has constitutional rights as required to state a claim under 42 U.S.C. § 1983. To the contrary, based on Plaintiff's allegations it does not appear the Escambia County Sheriff's Officers did anything wrong. Instead, officers did not show up because, as Plaintiff alleges, after Plaintiff called 911, someone else called in, impersonated him, and replaced his cell phone number with a different number.

Plaintiff's citation to the Electronic Communications Privacy Act of 1986, 18 US.C. § 2511, fares no better. Section 2511(1)(a) is a criminal statute that provides that "any person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" shall be fined or imprisoned. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1128 (M.D. Ala. 2004). Section 2520(a) of Title 18 creates a private cause of action under § 2511(1)(a) for "any person whose wire, oral, or electronic communication is intercepted." *See id.* Thus, to state a claim under the ECPA, a plaintiff must show five elements: that a defendant (1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device. *In re Pharmatrak, Inc.,* 329 F.3d 9, 18 (1st Cir. 2003).

Plaintiff, however, has alleged no facts supporting a claim under section 2511. He has not alleged anyone, much less the named Defendants, "intercepted"[2] a wire, oral, or electronic communication. As stated above, Plaintiff alleges only that someone, the "predator" called the Sheriff's Office after him and impersonated him.

---

[2] "Intercepted" is a defined term which "means the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4).

Case No. 3:22cv3202-MCR-HTC

Plaintiff, therefore, has set forth no facts showing this Court's jurisdiction over this matter.

### B. Frivolousness

Even if the Court were to give Plaintiff a chance to allege facts sufficient to establish jurisdiction, such an opportunity would be futile because Plaintiff's claims are patently frivolous. A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As an initial matter, Plaintiff has alleged absolutely no facts against the named Defendants, Barnhart and Kerns. Second, Plaintiff's assumption that someone impersonated him in making a 911 call is a "conclusory allegation" that appears to be "clearly removed from reality." *See Morris v. Bush*, No. 108-CV-00208-MP-AK, 2008 WL 5231843, at *3 (N.D. Fla. Dec. 9, 2008), *report and recommendation adopted*, No. 1:08CV208/MP/AK 2008, WL 5231843, at *1 (N.D. Fla. Dec. 9, 2008) (dismissing Plaintiff's complaint as frivolous).

### IV. CONCLUSION

As set forth above, Plaintiff's complaint should be dismissed because Plaintiff's allegations are frivolous and lack subject matter jurisdiction. A *sua sponte* dismissal is appropriate because allowing Plaintiff an opportunity to amend would be futile. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so"). The

Case No. 3:22cv3202-MCR-HTC

deficiencies described herein are incurable as Plaintiff's allegations are groundless and not sensible.

Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to file an objection to this report and recommendation prior to dismissal. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is respectfully RECOMMENDED:

1. Plaintiff's complaint (ECF Doc. 1) be DISMISSED for lack of subject matter jurisdiction and as frivolous.

2. The clerk be directed to close the file.

DONE AND ORDERED this 21st day of March 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:22cv3202-MCR-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.